UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES and CYNTHIA GROVES (h/w) | : | CIVIL ACTION |
| 187 Beckner Road | : | |
| Pearisburg, VA 24134 | : | Docket No.: 18-13005 |
| Plaintiffs, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| Walmart Stores, Inc. | : | |
| 702 S.W. 8th St. | : | |
| Bentonville, AR 72716 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiffs, James and Cynthia Groves, husband and wife., hereby allege and state as follows:

## PARTIES

1. Plaintiffs are citizens and residents of the Commonwealth of Virginia and reside at the above captioned address.

2. Defendant, Walmart Stores, Inc. ("Walmart") is a corporation organized and existing pursuant to the laws of the State of Delaware, with a headquarters located at the above captioned address.

3. At all times material hereto, Walmart regularly, continuously, and systematically operated approximately thirty-two (32) stores throughout the State of New Jersey and intentionally availed itself of the privileges of conducting business within the State of New Jersey such that Walmart is essentially at home in the State of New Jersey.

## VENUE AND JURISDICTION

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to the instant claim occurred within the District of New Jersey, specifically at the Walmart store at 3576 US-22, Branchburg, NJ 08876.

5. Jurisdiction is proper in the District of New Jersey pursuant to 28 U.S.C. § 1332(a)(3) because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

6. Walmart continuously and systematically operates approximately thirty-two (32) stores throughout the State of New Jersey and intentionally availed itself of the privileges of conducting business within the State of New Jersey such that Walmart is essentially at home in the State of New Jersey and this Court may exercise personal jurisdiction over Walmart.

## FACTS

7. At all times material hereto, James Groves was acting in the course and scope of his employment at T.D.'s Greenhouse Construction, Inc. ("T.D.'s") as a laborer.

8. At all times material hereto, Walmart operated a store and garden center located at 3576 US-22, Branchburg, NJ 08876 (the "premises").

9. At all times material hereto, the premises were possessed, owned, leased, operated, managed, inspected, maintained, controlled, and/or were the responsibility of Walmart.

10. Walmart, on information and belief, contracted with T.D.'s to service its RollSeal branded doors in the premises.

11. On or about August 8, 2017, James Groves was working in the course and scope of his employment at T.D.'s to repair a RollSeal branded door on the premises.

12. The RollSeal doors were positioned along the perimeter of the garden center, directly behind warehouse racks the ("racks") that contained a variety of merchandise.

13. Walmart was responsible for moving all racks and ensuring safe access to the RollSeal doors prior to Mr. Groves' arrival on the premises.

14. Walmart did not move all racks prior to Mr. Groves' arrival, instead leaving one rack, full of merchandise including axes, pick axes, shovels, and pitch forks, obstructing access to the RollSeal door.

15. When asked to move the rack obstructing the RollSeal door, employees, representatives, agents, subcontractors, and/or assigns of Walmart refused.

16. Mr. Groves was then instructed by an employee, representative, agent, contractor, subcontractor, and/or assign of Walmart to complete his tasks in repairing the RollSeal door while standing on the rack, which on information and belief was over seven (7') feet in height, without any fall protection, scaffolding, or other safety equipment so as to provide Plaintiff with a proper walking/working surface.

17. Walmart was, at all times material hereto, aware that the racks were unsafe for persons to stand on, climb on, or otherwise scale and not meant to be used in lieu of proper scaffolding, ladders, or other equipment suitable for working over four (4') in height.

18. Walmart strictly warns all customers via signs, placards, and stickers not to scale the racks, or even attempt to retrieve merchandise from the racks, due to safety concerns.

19. Mr. Groves was instructed by a representative, agent, assign, contractor, and/or subcontractor of Walmart to complete the repairs to the RollSeal door in an unsafe, hazardous, and unreasonably dangerous fashion by standing on top of the rack as Walmart refused to move the rack, or provide a safe means of working at a height greater than four (4') feet.

20. Walmart did not provide a reasonable, safer alternative for Mr. Groves to perform his work, despite such an alternative being available at the time.

21. Mr. Groves, after being instructed by Walmart to climb on top of the rack without any fall protection, fell, suffering severe and permanent injuries that will be set forth more fully at length herein.

22. As a result of Walmart's negligence, Mr. Groves suffered severe and permanent injuries including but not limited to a concussion, fractured ribs, a punctured lung, a fracture of the T9-10 vertebrae with three column extension and spinal cord compression, fractures of the T8 and T9 spinous processes, interspinous ligamentous injury to the T5 through T10, sprains and strains, contusions, bruises, and other injuries, all of which may be permanent in nature.

23. As a result of the aforesaid incident, Plaintiff has suffered physical and emotional pain, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures, and an inability to attend to usual and daily activities and will continue to suffer the same for an indefinite time into the future.

24. As a further result of the aforesaid incident, Plaintiff has required and continues to require medical treatment in and about an effort to cure himself of his injuries and has incurred medical expenses, to his great detriment and loss, and may continue to require medical treatment for an indefinite time in the future.

25. As a further result of the aforesaid, Plaintiff incurred lost wages and may continue to incur lost wages into the future as well as a loss of earning capacity.

**COUNT I – NEGLIGENCE**
**PLAINTIFF V. WALMART**

26. Plaintiff hereby incorporates the averments contained in the preceding paragraphs as though fully set forth herein at length.

27. At all times material hereto, Walmart owed a duty to Plaintiff to provide him with a safe work space, and not place him in situations that it knew were dangerous, unsafe, hazardous, and had a high probability of resulting in catastrophic injury.

28. At all times material hereto, Walmart had a policy in place prohibiting customers, business invitees, and contractors from scaling the racks.

29. Walmart further had a policy of moving racks that obstructed the work of contractors in order to ensure that contractors could perform their job duties in a safe, workmanlike manner without placing their lives in jeopardy.

30. Despite the aforementioned policies in place due to Walmart's knowledge of the hazards associated with forcing customers, contractors, licensees, and business invitees to scale these racks, Walmart instructed Mr. Groves to climb on the rack, placing him at an unreasonable risk of harm.

31. Walmart never provided Mr. Groves with fall protection, scaffolding, fencing, or other safety devices despite having advanced knowledge that he would be working over four (4') feet above the floor, as required by OSHA.

32. Walmart failed to exercise ordinary care and was negligent in the following ways:

   a. Failing to provide Plaintiff with a safe workplace in compliance with OSHA;

   b. Failing to move the rack in accordance with its own policies and procedures;

   c. Instructing and directing Plaintiff to climb a rack in a manner it knew was dangerous and could result in grave bodily harm;

   d. Failing to properly warn persons such as Plaintiff about the hazards associated with climbing on the racks;

   e. Posting inadequate warnings on the racks so that persons such as Plaintiff would not appreciate the dangers of using them as walk/working surfaces;

   f. Failing to provide Plaintiff with a proper walking/working surface on which to perform his duties;

  g. Negligently placing Plaintiff at an unreasonable risk of harm;

  h. Failing to properly train its employees, subcontractors, agents, and/or assigns;

  i. Failing to properly maintain the premises so as to remove unreasonable risks of harm;

  j. Failing to properly supervise its employees;

  k. Failing to enforce its own safety standards, protocols, and guidelines;

  l. Failing to establish adequate safety standards, protocols, and guidelines;

  m. Inadequately warning Plaintiff of the dangers of working on the subject rack;

  n. Inadequately assessing the dangers of persons such as Plaintiff installing equipment without a rack being moved;

  o. Failing to move the rack to allow Plaintiff to safely perform his job duties;

  p. Failing to have the proper tools, equipment, and/or personnel to move the rack in a timely manner so as to avoid placing Plaintiff in an unreasonable danger;

  q. Failing to provide Plaintiff will fall protection when working over four (4') feet above the floor; and,

  r. Failing to comply with applicable OSHA regulations.

33. As a result of Walmart's negligence, Mr. Groves suffered severe and permanent injuries including but not limited to a concussion, fractured ribs, a punctured lung, a fracture of the T9-10 vertebrae with three column extension and spinal cord compression, fractures of the T8 and T9 spinous processes, interspinous ligamentous injury to the T5 through T10, sprains and strains, contusions, bruises, and other injuries, all of which may be permanent in nature.

34. As a result of the aforesaid incident, Plaintiff has suffered physical and emotional pain, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures, and an inability to attend to usual and daily activities and will continue to suffer the same for an indefinite time into the future.

35. As a further result of the aforesaid incident, Plaintiff has required and continues to require medical treatment in and about an effort to cure himself of his injuries and has incurred medical expenses, to his great detriment and loss, and may continue to require medical treatment for an indefinite time in the future.

36. As a further result of the aforesaid, Plaintiff incurred lost wages and may continue to incur lost wages into the future as well as a loss of earning capacity.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Walmart, for damages in an amount exceeding $75,000.00, together with interest and costs of suit and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT II – LOSS OF CONSORTIUM
## PLAINTIFF, CYNTHIA GROVES V. WALMART

37. Plaintiff, Cynthia Groves, repeats and realleges each and every allegation set forth above in Plaintiffs' complaint.

38. At all relevant times, Plaintiff Cynthia Groves was and is the wife of Plaintiff James Groves.

39. By reason of the aforesaid acts and/or omissions of negligence, carelessness and/or recklessness, Plaintiff Cynthia Groves has been deprived of the society, comfort, companionship and services of Plaintiff James Groves, and such deprivation will continue in the future, all of which has been and will continue to be to her financial and emotional detriment and loss.

40. By reason of the aforesaid acts and/or omissions of negligence, carelessness and/or recklessness, Plaintiff Cynthia Groves, has incurred and/or may incur various expenses and may in the future be obliged to spend various sums for medicine and medical treatment in an attempt to treat and cure her husband, James Groves.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Walmart in an amount in excess of $75,000, plus interest, costs, and any and all other relief the court deems appropriate.

Respectfully submitted,

LAW OFFICES OF ROBERT A. STUTMAN, P.C.

Date: 8/20/2018           By: *Evan M. Padilla, Esq. /s/*
　　　　　　　　　　　　　　　Evan M. Padilla, Esq.
　　　　　　　　　　　　　　　500 Office Center Drive, Suite 301
　　　　　　　　　　　　　　　Fort Washington, PA 19034
　　　　　　　　　　　　　　　215-283-1177 (Phone)
　　　　　　　　　　　　　　　215-283-1188 (Fax)
　　　　　　　　　　　　　　　padillae@stutmanlaw.com
　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*