UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES AND CYNTHIA GROVES (h/w)<br>187 Beckner Road<br>Pearisburg, VA 24134<br><br>    **Plaintiffs,**<br><br>vs.<br><br>Walmart Stores, Inc.<br>702 S.W. 8th St.<br>Bentonville, AR 72716<br><br><br>    **Defendant**<br>_____<br><br>**Walmart Stores East, L.P.**<br><br>    **Third-Party Plaintiff**<br><br>    vs.<br><br>HH Technologies, Inc., the Cincinnati Insurance Company, ABC Corporations 1-5 (fictitiously named business entities), XYZ Companies 1-5 (fictitiously named business entities), JOHN DOES 1-5 (fictitiously named individuals), LMN Insurance Companies 1-5 (fictitiously named business entities)<br><br>    **Third-Party Defendants** | **DOCKET NO.: 18-cv-13005**<br><br>**CIVIL ACTION**<br><br>**THIRD-PARTY COMPLAINT**<br>**JURY TRIAL DEMANDED** |

**<u>THIRD PARTY COMPLAINT AND DEMAND FOR A JURY TRIAL</u>**

  Pursuant to Federal Rule of Civil Procedure 14(a)(1), Defendant/Third Party Plaintiff Walmart Stores East, L.P. (i/p/a Walmart Stores, Inc.) ("Walmart") files its Third-Party Complaint

against Third-Party Defendant, HH Technologies, Inc. ("HH Technologies") and alleges as follows:

## INTRODUCTION:

1. On or around August 20, 2018 the Plaintiffs, James and Cynthia Groves ("Groves" or "Plaintiff") filed a Complaint against the Defendant, Walmart Stores East, L.P. ("Walmart") on two counts: (1) negligence and (2) loss of consortium, and alleged that Groves sustained personal injuries on August 8, 2017 after he fell from a ladder while installing Roll-Seal doors at the Walmart located at Branchburg, New Jersey.

2. Walmart brings this present action against Third-Party Defendant HH Technologies, Inc. for common law indemnification, breach of covenant to procure insurance, breach of contract, negligence, and the New Jersey Joint Tortfeasors Act against HH Technologies, Inc. Walmart also brings this present action for declaration of insurance coverage and indemnity, and breach of contract against the Cincinnati Insurance Company.

## PARTIES:

3. Plaintiffs James and Cynthia Groves are citizens and residents of the Commonwealth of Virginia and reside at 187 Beckner Road, Perisburg, Virginia 24134.

4. Defendant Walmart Stores East, L.P. operated a retail store located at Branchburg, New Jersey. Walmart Stores East, L.P. is a Delaware Limited Partnership, of which WSE Management, LLC, a Delaware Limited Liability Company, is the general partner, and WSE Investment, LLC, a Delaware Limited Liability Company, is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas Limited Liability Holding Company with its principal place of business located in the State of

Arkansas. Walmart, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

5. HH Technologies is a domestic Alabama corporation with its principal place of business located at 1733 County Road 68, Bremen Alabama 35033-4014.

6. The Cincinnati Insurance Company, and its parent, Cincinnati Financial Corporation, is an Ohio domestic corporation with its principal place of business at 6200 S. Gilmore Road, Fairfield, Ohio 45014-5141.

## JURISDICTION AND VENUE:

7. The Court has subject matter jurisdiction over Walmart's third-party claims pursuant to 28 U.S.C. § 1332 because Walmart is diverse in citizenship from HH Technologies and more than $75,000, exclusive of interest and costs, is in controversy because Plaintiffs James and Cynthia Groves ("Plaintiff" or "Groves") seeks in excess of $75,000, exclusive of interest and costs, from Walmart. This Court also has supplemental jurisdiction over Walmart's third-party claims pursuant to 28 U.S.C. § 1367(a) because the claims are based on the same nucleus of operative facts as Plaintiff's claims.

8. HH Technologies, Inc. consented to waive any objections or defenses to personal jurisdiction by contractual agreement (the MSA).

9. Upon information and belief, HH Technologies was authorized to do business in the State of New Jersey and with specific reference to the events alleged by Plaintiff, were conducting business in the state of New Jersey at all times relevant thereto.

10. HH Technologies is also subject to personal jurisdiction in this Court by virtue of the New Jersey long-arm statute.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and HH Technologies is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

12. On or about April 18, 2016, Walmart and HH Technologies entered into a Master Service Agreement (the "MSA").

13. The MSA contained an "indemnification" provision, wherein HH Technologies promised to indemnify Walmart from any lawsuits, claims, liabilities, etc., including attorneys' fees and court costs, arising out of any actual or alleged death or personal injury.

14. The MSA contained an "insurance" provision, wherein HH Technologies promised to maintain Commercial General Liability insurance in the amount of $1,000,000 per occurrence and $2,000,000 in aggregate.

15. The MSA contained a "subcontractors" provision, wherein HH Technologies promised to defend and indemnify Walmart against any liability resulting from a subcontractor's performance under the MSA, regardless whether Walmart authorized the use of the subcontractor.

16. On or around August 8, 2017 HH Technologies subcontracted T.D. Greenhouse Construction, Plaintiff James Groves' employer, to install Roll-Seal brand doors manufactured by HH Technologies at the Walmart located in Branchburg, New Jersey.

17. On or around August 8, 2017 James Groves allegedly sustained personal injuries while installing said Roll-Seal doors.

18. Plaintiff filed a Complaint against Walmart, alleging that Groves' injuries were the result of Walmart's negligence.

19. To the extent that Plaintiff seeks to hold Walmart liable for Groves' injuries, Walmart seeks common law indemnification from HH Technologies pursuant to the MSA (and any insurance policies required to be in effect, as per the terms of the MSA).

20. All conditions precedent to the bringing of this action have been satisfied by Walmart.

## COUNT I: COMMON LAW INDEMNIFICATION

21. Walmart re-alleges the allegations set forth in paragraphs 1 through 20, as if fully set forth herein. For purposes of all Counts herein, "Walmart" shall refer not only to Walmart Stores East, L.P., but also its parent corporations, subsidiaries, affiliates, and divisions.

22. Walmart is without fault in causing Plaintiff's alleged injuries.

23. In the event that any liability is assessed against Walmart, Walmart is entitled to indemnification from HH Technologies pursuant to the terms of the MSA.

24. Accordingly, HH Technologies should indemnify Walmart for all amounts for which Walmart may be liable, including any damages, costs, attorneys' fees, or any other sums assessed against Walmart.

**WHEREFORE**, Defendant/Third-Party Plaintiff demands judgment of indemnification against HH Technologies together with attorneys' fees, costs of suit, and such other relief as the Court deems appropriate.

## COUNT II: BREACH OF COVENANT TO PROCURE INSURANCE

25. Walmart re-alleges the allegations set forth in paragraphs 1 through 20 as if fully set forth herein.

26. The MSA entered into between Walmart and HH Technologies required HH Technologies to procure and maintain insurance coverage with specified coverage types and specified amounts.

27. Also, the MSA required HH Technologies to name Walmart as an additional insured on any such insurance policies.

28. Upon information and belief, Walmart is named as an additional insured on any and all such policies of insurance, which policies provide coverage to Walmart for defense and indemnity against Plaintiff's claims.

 **WHEREFORE**, Defendant/Third-Party Plaintiff demands a judgment of indemnification, damages pursuant to breach of a covenant to procure insurance, against HH Technologies together with attorneys' fees, costs of suit, and such other relief as the Court deems appropriate.

## COUNT III: BREACH OF CONTRACT

29. Walmart re-alleges the allegations set forth in paragraphs 1 through 20 as if fully set for the herein.

30. Walmart is without fault in causing Plaintiff's injuries.

31. The parties, for valuable consideration, entered into a valid and enforceable contract (the MSA) for the performance of services by HH Technologies, Inc. in return for payment by Walmart.

32. The MSA required HH Technologies, Inc. to indemnify Walmart and maintain insurance coverage for any personal-injury related claims relating to any work performed pursuant to the MSA, whether by HH Technologies, Inc. or any subcontractors, including any litigation costs or costs of defending any such claims.

33. If HH Technologies failed to procure insurance for the benefit of Walmart as an additional insured, HH Technologies is in breach of the MSA.

34. In breach of the express terms of the MSA, HH Technologies has not yet indemnified Walmart for its defense costs incurred in this matter.

 **WHEREFORE**, Defendant/Third-Party Plaintiff demands a judgment against HH Technologies for defense, indemnity, and hold harmless protection from the claims of the Plaintiff.

**COUNT IV: NEGLIGENCE**

35. Walmart re-alleges the allegations set forth in paragraphs 1 through 20 as if fully set for the herein.

36. HH Technologies was the vendor responsible for manufacturing, supplying, delivering, placing, installing, and maintaining the Roll-Seal doors that the Plaintiff had been installing a the time of the Plaintiff's alleged fall.

37. HH Technologies negligently hired, retained, supervised, instructed, and/or directed the work of the Plaintiff.

38. The knowing, negligent, wanton, reckless, and/or careless actions and/or omissions of HH Technologies were the cause of the injuries Plaintiff allegedly sustained.

**WHEREFORE**, Defendant/Third-Party Plaintiff demands a judgment against HH Technologies together with attorneys' fees, costs of suit, and such other relief as the Court deems appropriate.

**COUNT V: NEW JERSEY TORTFEASORS CONTRIBUTION ACT**

39. Walmart repeats and re-alleges all of the allegations contained in paragraphs 1 through 20 as if fully certified herein.

40. While denying that Walmart is liable to HH Technologies, Walmart demands contribution from HH Technologies pursuant to the New Jersey Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et. seq., the New Jersey Comparative Negligence Act, N.J.S.A. 2A:53A-1, et. seq., the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5, et. seq., and any other similar or comparable Federal statute applicable to the instant circumstances.

**WHEREFORE**, Defendant/Third-Party Plaintiff demands a judgment of contribution against HH Technologies together with attorneys' fees, costs of suit, and such other relief as the Court deems appropriate.

## COUNT VI: DECLARATION OF COVERAGE AND INDEMNITY FROM THE CINCINATTI INSURANCE COMPANY

41. Walmart repeats and re-alleges all of the allegations contained in paragraphs 1 through 20 as if fully certified herein.

42. Upon information and belief, Third-Party Defendant the Cincinnati Insurance Company is a corporation with its principal place of business at 6200 S. Gilmore Road, Fairfield, Ohio 45014-5141.

43. Upon information and belief, the Cincinnati Insurance Company is authorized to do business in the state of New Jersey and, with specific reference to the events alleged by Plaintiff, was conducting business in the state of New Jersey at relevant times.

44. Upon information and belief, the Cincinnati Insurance Company provided liability insurance to HH Technologies and/or Walmart (and all of Walmart's parent corporations, subsidiaries, affiliates, etc.). Upon further information and belief, the policy named Walmart as an additional insured.

45. As such, Walmart is entitled to defense and indemnity pursuant to the any policy(s) of insurance issued by the Cincinnati Insurance Company to Walmart.

**WHEREFORE**, Defendant/Third-Party Plaintiff demands declaration of coverage and judgment of indemnification against the Cincinnati Insurance Company together with attorneys' fees, costs of suit, and such other relief as the Court deems appropriate.

## COUNT VII: BREACH OF CONTRACT

46. Walmart re-alleges the allegations set forth in paragraphs 1 through 20 as if fully set for the herein.

47. Walmart is without fault in causing Plaintiff's injuries.

48. Upon information and belief, Walmart is a named insured on a general liability policy issued by the Cincinnati Insurance Company, bearing policy number EPP0220035 (the "Liability Policy") and/or other applicable insurance policy(s).

49. The Liability Policy required the Cincinnati Insurance Company to indemnify Walmart for any general liability claims relating to any work performed pursuant to the MSA, whether by HH Technologies, Inc. or any subcontractors, including any litigation costs or costs of defending any such claims.

50. If Walmart is found liable for any or all of Plaintiff's claims and the Cincinnati Insurance Company fails to indemnify or reimburse Walmart pursuant to the Liability Policy or any other applicable policies, this will constitute a breach of the terms of the insurance policy.

51. In breach of the express terms of the Liability Policy (or any other applicable policy(s)), the Cincinnati Insurance Company has not yet indemnified Walmart for its defense costs incurred in this matter.

    **WHEREFORE**, Defendant/Third-Party Plaintiff demands a judgment against the Cincinnati Insurance Company for defense, indemnity, and hold harmless protection from the claims of the Plaintiff.

    **WHEREFORE**, Defendant/Third-Party Plaintiff, Walmart, submits that:

    A.   In the event that judgment is entered against Walmart and in favor of Plaintiff, judgment be entered in favor of Third-Party Plaintiff, Walmart, and against Third-Party Defendant, HH Technologies, in the amount of any judgment entered against Walmart, and that Walmart be entitled to its attorneys' fees, interest, the costs of this suit, and any other relief the Court finds just and proper;

  B. Judgment be entered in its favor against HH Technologies, together with attorneys' fees, costs of suit, and such other relief as the Court deems appropriate;

  C. Judgment be entered in its favor and against the Cincinnati Insurance Company, together with attorneys' fees, costs of suit, and such other relief as the Court deems appropriate;

  D. An award of damages;

  E. Interest and costs; and

  F. Such further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL:

Third-Party Plaintiff, Walmart, hereby demands a trial by jury on all issues so triable.

## ANSWER TO ALL COUNTERCLAIMS:

Walmart by way of Answer to any and all Counterclaims says: Walmart denies each and every allegation of any Counterclaim insofar as it pertains to Walmart.

## DEMAND FOR ANSWERS TO INTERROGATORIES:

Pursuant to F.R.C.P. 33, N.J. Court Rule 4:17-1, Walmart demands that HH Technologies and furnish certified answers to interrogatories within the time limits prescribed by the Rules of Court.

## DESIGNATION OF TRIAL COUNSEL:

The Court is advised that FLOYD G. COTTRELL, ESQ. is designated as trial counsel.

Dated: August 13, 2020

*/s/ Mark Chereshinsky*

Mark Chereshinsky, NJ Bar #: 016842010
COTTRELL SOLENSKY, P.A.
3 University Plaza Drive, Suite 500
Hackensack, NJ 07601
Telephone: (973) 643-1400 x 17
Facsimile: (973) 643-1900
mchereshinsky@cs-njnylawfirm.com
*Attorneys for Defendant, Walmart Stores East, L.P.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and exact copy of the Third-Party Complaint and Demand for Jury Trial was electronically filed on the **13th day of August, 2020**.  Notice of this filing was also served on Plaintiffs' counsel, Jordan Friter, Esq. / Stutman Law via e-mail.

Dated: August 13, 2020

*(signature)*

Mark Chereshinsky, Esq.
NJ Bar #: 016842010

Telephone: (973) 643-1400 x 17
mchereshinsky@cs-njnylawfirm.com
*Attorneys for Defendant, Walmart Stores East, L.P.*